IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANODYNE THERAPEUTICS, LLC,
a Colorado limited liability company;
ANODYNE THERAPY, LLC, a Florida
limited liability company; MEDASSIST
OP, INC., a Florida corporation; and
ORTHABILITY, INC., a Florida
corporation,

Plaintiffs,

vs                                     Case No. 8:04-cv-2157-T-30TGW

ICP EDUCATIONAL RESOURCES LLC
d/b/a FASTERHEALING.COM, an
Arizona limited liability company; and
TOM NEUMAN, an individual,

Defendants.

**Protective Order and Confidentiality Stipulation**

**WHEREAS** during discovery proceedings in this Action, ANODYNE THERAPEUTICS, LLC, ANODYNE THERAPY, LLC, MEDASSIST OP, INC. and ORTHABILITY, INC., hereinafter referred to as PLAINTIFFS and ICP EDUCATIONAL RESOURCES LLC and TOM NEUMAN, hereinafter referred to as DEFENDANTS may be requested to provide certain documents, things, answers to admissions, answers to interrogatories, and/or testimony that may contain trade secrets or other confidential commercial, proprietary or other information within the meaning of Rule 26 of the Federal Rules of Civil Procedure; upon the joint motion of the parties hereto and for good cause shown:

**IT IS HEREBY ORDERED** that the following provisions shall govern the handling of all information contained in documents, deposition testimony, depositions, exhibits, trial testimony and any other written, recorded or graphic material, hereinafter referred to as **Discovery Material** produced by or obtained by any party hereto in connection with this Action whether or not in response to a formal discovery request. The provisions of this Protective Order and Confidentiality Stipulation shall also apply to any non-party who provides discovery material and agrees in writing to be bound to the tenants of this Protective Order and Confidentiality Stipulation. References to a "party" or "parties" herein shall also include such non-parties.

1.   (a) The party producing discovery material containing information that is not publicly available (i) may designate as **Confidential** any information within the scope of Rule 26 of the Federal Rules of Civil Procedure that the producing party in good faith believes embodies any confidential research, development, business, financial, commercial or personnel information; (ii) may designate as **Confidential: Attorneys' Eyes Only** any such information that the producing party in good faith believes embodies trade secret or other proprietary and confidential information relative to the producing party's technology, research and development; and (iii) and may designate as **Restricted Confidential** any such information that reflects competitively sensitive information about the producing party's business, plans, strategies, projections or activities. **Confidential, Confidential: Attorneys' Eyes Only** and **Restricted Confidential** information are hereinafter referred to as **Confidential Information.**

(b) Discovery Material, or any portion thereof, produced by any non-party may be designated as **Confidential, Confidential: Attorneys' Eyes Only** or **Restricted**

2

**Confidential** (**Non-Party Confidential Information**) by any party hereto by the means specified above in Paragraph 1.(a) and below in 1.(c). Such **Non-Party Confidential Information** shall hereinafter also be included in the definition of **Confidential Information** as used hereinafter.

(c) The producing party may designate **Confidential Information** by stamping the material containing such **Confidential Information** with the legend **Confidential, Confidential: Attorney's Eyes Only** or **Restricted Confidential** at the time of production. With respect to multi-page documents that contain **Confidential Information**, the designation may be made by stamping all pages thereof **Confidential, Confidential: Attorney's Eyes Only** or **Restricted Confidential**. If any **Confidential Information** is inadvertently produced without such stamp or notice, the producing party will provide written notice to the receiving party that the information or documents shall be treated as **Confidential Information** under this Protective Order and Confidentiality Stipulation; the producing party will promptly thereafter furnish the receiving party with a substitute set of documents bearing the correct stamp or notice; and the receiving party will return the original set and all copies thereof. Inadvertent failure to designate material as **Confidential, Confidential: Attorney's Eyes Only** or **Restricted Confidential** shall not be deemed a waiver of any claim of confidentiality as to such matter.

2.   (a) **Confidential Information** designated **Confidential** may be disclosed only to the persons described in Paragraphs 4.(a) through 4.(h) hereto, and may be used only in connection with this Action and for no other purpose including any business purpose.

(b) **Confidential Information** designated **Restricted Confidential** may be disclosed only to the persons described in Paragraphs 4.(a) and 4.(c) through 4.(h) below, and may be used only in connection with this Action and for no other purpose including any business purpose.

3.    (a) During a deposition, **Confidential Information** may be disclosed to the deponent to the extent reasonably necessary in connection with their testimony, who may be examined about such **Confidential Information** provided that: (1) the deponent is given a copy of this Protective Order and Confidentiality Stipulation, is advised that he or she is subject to its terms and conditions and agrees to comply with the terms thereof by execution of the Agreement To Hold Confidential, or the witness acknowledges on the record that he or she has read the Protective Order and Confidentiality Stipulation and will comply with its terms; (2) the deponent already knows, or as part of his or her employment is entitled to know, the information or documents; (3) the deponent is an agent or employee of the party who produced the **Confidential Information** (4) the examining party complies with the provisions of Paragraphs 2.(a) or 2.(b) as appropriate and 4.(f) hereof; or (5) the producing party consents in writing to such disclosure.

(b) Deposition testimony may be designated as **Confidential, Confidential: Attorney's Eyes Only** or **Restricted Confidential** either: (1) at the deposition, by instructing the reporter to make the following notations on the first page of the transcript: "This transcript contains **Confidential Information**, and on each page containing **Confidential Information, Confidential, Confidential: Attorney's Eyes Only** or **Restricted Confidential**, as so designated; or (2) within ten (10)

calendar days after the receipt of the transcript, and, as to previously taken depositions, on or before ten (10) business days after the entry of this Protective Order and Confidentiality Stipulation, by marking a stamp or notice on the transcript of the deposition and informing all counsel in writing of such designation. If so notified, all counsel promptly will cause the applicable stamp or notice to be made on the first page and every designated page of each such transcript until expiration of the ten (10) day period with respect to any deposition transcript, all deposition testimony and transcripts and any information contained therein or exhibits thereto, shall be deemed to be **Confidential Information** and treated as if designated **Confidential**.

4.      **Confidential Information** may be disclosed to or made available by the party receiving such information, pursuant to Paragraphs 2.(a) and 2.(b) hereof, only to the following **Qualified Persons** as defined herein. Except as provided in Paragraph 5 below, the term **Qualified Persons** means:

(a) the Court and any appellate court, including court personnel, jurors and alternate jurors;

(b) up to three (3) representatives of any party to this Action who shall sign the attached Agreement To Hold Confidential;

(c) any party to this Action;

(d) counsel of record to any party to this Action who has executed this Protective Order and Confidentiality Stipulation;

(e) court reporters;

(f) outside experts, advisors or consultants retained by counsel of record in this Action, but only to the extent reasonably deemed necessary by such counsel of

record to assist in the evaluation, prosecution or defense of this Action; subject to Paragraph 14 hereof. Before **Confidential Information** may be disclosed to any outside expert, advisor or consultant, he or she must read this Protective Order and Confidentiality Stipulation and execute a copy of the Agreement To Hold Confidential in the form attached hereto. The party disclosing such **Confidential Information** shall be responsible for retaining the original of such signed Agreement To Hold Confidential and shall promptly furnish a copy of the signed Agreement To Hold Confidential to the producing party's counsel.

(g) potential deponents and potential trial fact witnesses to the extent reasonably necessary in connection with their testimony or in preparation thereof, provided that such witness is given a copy of this Protective Order and Confidentiality Stipulation, is advised that he or she is subject to its terms and conditions and agrees to comply with the terms thereof by the execution of the Agreement To Hold Confidential, or, in the case of an actual deposition, the witness acknowledges on the record that he or she has read the Protective Order and Confidentiality Stipulation and will comply with its terms. A copy of such Agreement To Hold Confidential shall be promptly furnished to opposing counsel;

(h) the author(s) or prior authorized recipient(s) of the **Confidential Information**;

(i) other person(s) only after notice to all parties and upon order of the Court obtained by the receiving party, or upon prior written consent of the producing party; and

(j) the terms counsel, expert, advisor and consultant include staff who are assigned to and necessary to assist such counsel, expert, advisor or consultant in the preparation of this Action, as well as outside copying, graphic, design or computer service providers rendering services in connection with this Action.

5. Notwithstanding the provisions of Paragraph 4., **Confidential Information** marked with the legend **Confidential: Attorneys' Eyes Only**, including information derived therefrom, shall not be disclosed personally to the parties to whom said information is disclosed, but only to the parties' attorneys of record in this Action, attorneys retained or consulted with by such counsel to provide legal advice with respect to this Action, clerical, paralegal and secretarial staff employed by such counsel who need to review such information in connection with the Action, court reporters, and outside experts, advisors and consultants in compliance with Paragraph 12.

6. All Qualified Persons who have received **Confidential Information** pursuant hereto shall safeguard such information so as to prevent disclosure of **Confidential Information** to persons who are not Qualified Persons entitled to see such **Confidential Information**. If any **Confidential Information** is disclosed to any person who is not a Qualified Person, the receiving party shall promptly notify producing party in writing, identifying the information disclosed, the person disclosing the information, and the person to whom the information was disclosed.

7. Any party to this Action to whom **Confidential Information** is produced or disclosed may object to the **Confidential, Confidential: Attorney's Eyes Only** or **Restricted Confidential** designation. The objection shall be made in writing to

counsel for the designating Party. The Notice shall have attached a copy of such designated material or shall identify each subject document by production number or deposition by page number and shall: (a) state that the receiving party objects to the designation, and (b) set forth the particular reasons for such objection. Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation. If the objection cannot be resolved by agreement within ten (10) business days of the date of service of the objection, the party objecting to the **Confidential, Confidential: Attorney's Eyes Only** or **Restricted Confidential** designation may make a motion to the Court to declassify such information. All materials whose designation is so objected to shall continue to be treated as **Confidential Information** until the Court rules to the contrary.

8.   All **Confidential Information** and all copies thereof shall be destroyed or returned to counsel for the producing party, and certified to the producing party as having been destroyed or returned to counsel for the producing party, within sixty (60) days after the final conclusion of this Action, including appeals; *provided, however,* that counsel may retain copies of briefs and other papers filed with the Court which contain or constitute **Confidential Information**, so long as such briefs and other papers are maintained in accordance with the provisions hereof. The Court may retain jurisdiction of the matter in regard to the enforcement of the confidentiality provisions contained herein.

9. After the termination of this Action, this Protective Order and Confidentiality Stipulation shall continue to be binding upon the Parties hereto, and upon all persons to whom **Confidential Information** has been disclosed or communicated.

10. Designating or failure to designate any information as **Confidential, Confidential: Attorney's Eyes Only** or **Restricted Confidential** shall have no bearing on whether such information is confidential or is admissible evidence for purposes of the merits of this Action. For good cause, any party may request that the Court revoke, modify, or amend a party's designation of information as Confidential. The party that initially made the designation of confidentiality shall bear the burden of proving that such information is **Confidential Information** within the meaning of this Protective Order and Confidentiality Stipulation. All documents and other materials designated as **Confidential, Confidential: Attorney's Eyes Only** or **Restricted Confidential** shall be treated by a recipient as such under the terms of this Protective Order and Confidentiality Stipulation unless and until such designation is revoked by the designating party or the Court pursuant to this paragraph.

11. The inadvertent production of any discovery material shall be without prejudice to any claim that such material is privileged and/or protected from discovery as work product within the meaning of the relevant rules of the Federal Rules of Civil Procedure, and the producing party shall not be held to have waived any privilege or work product protection by any such inadvertent production; *provided* that the producing party promptly advises the other parties of the producing party's position and identifies the materials to which the claim is asserted. All inadvertently produced materials as to

which a claim of privilege or work product protection is asserted and any copies thereof shall be returned promptly to the producing party.

12. Before any **Confidential Information** is disclosed to any outside expert, advisor or consultant, the following information must be actually made known in writing, by personal delivery, facsimile, or certified or registered mail, return receipt requested, to the producing party and shall be received no less than ten (10) business days before the intended date of disclosure to that outside expert, advisor or consultant: the identity of that outside expert, advisor or consultant by name, business and/or affiliation; a brief description of that person, including education, present and past employment, general areas of expertise; and a current *curriculum vitae*. If the producing party objects to disclosure of **Confidential Information** to such a person, the producing party shall promptly serve a written objection identifying the specific basis for the objection and particularly identifying all information of which disclosure is objected. Service of the objection upon the receiving party shall be by personal delivery, facsimile, or certified or registered mail, return receipt requested, to the receiving party and shall be received within ten (10) business days after the producing party receives the identification of the outside expert, advisor or consultant. The parties shall attempt in good faith to resolve any objection informally. If the objection cannot be resolved, the party making the objection shall, within ten (10) additional business days after receiving identification of the outside expert, advisor or consultant, move for an order of the Court disallowing the disclosure. In the event that objections are made and not resolved informally, disclosure of **Confidential Information** to the expert shall not be made except by order of the Court.

13. If a party wishes to file **Confidential Information** with the Court, the party shall request that such information be impounded, kept under seal, and unavailable to the public, in accordance with the applicable Federal Rules of Civil Procedure.

14. Nothing in this Protective Order and Confidentiality Stipulation shall affect the right of the designating party to disclose the designating party's own **Confidential Information** to any person or entity. Such disclosure shall not waive any of the protections of this Protective Order and Confidentiality Stipulation.

15. Any notice, required or permitted herein, shall be made to PLAINTIFFS' counsel and to DEFENDANTS' counsel. Notice may be by telephone with facsimile transmission confirmation or other such means so as to provide timely notice as appropriate, unless otherwise provided herein.

16. The parties hereto shall be entitled to seek modification of this Protective Order and Confidentiality Stipulation for good cause shown by application to this Court on reasonable notice to the other parties hereto. Alternatively, this Protective Order and Confidentiality Stipulation may be modified by written stipulation of the parties without further order of the Court.

**SO ORDERED** this 23 day of September, 2005.

District Judge James S. Moody, Jr.

Stipulated to this 20th day of September, 2005.

/s/ Mary Ann L. Wymore
Mary Ann L. Wymore, Esq.
MO Bar: 44061
GREENSFELDER, HEMKER & GALE
10 South Broadway, Ste 2000
St. Louis, MO 63102
Phone:    (314) 241-9090
Fax:      (314) 345-5466

*Trial Counsel for Plaintiffs*

Stipulated to this 20th day of September, 2005.

/s/ Arthur W. Fisher, III
Arthur W. Fisher, III
Florida Bar No. 133689
A. W. FISHER, III P.A.
5553 West Waters Avenue, Ste 316
Phone:    (813) 885-2006
Fax:      (813) 888-6275
*Trial Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ANODYNE THERAPEUTICS, LLC,** *et al.,*

    **Plaintiffs,**

vs                                          Case No. 8:04-cv-2157-T-30TGW

**ICP EDUCATIONAL RESOURCES LLC
d/b/a FASTERHEALING.COM,** *et al.,*

    **Defendants.**

### AGREEMENT TO HOLD CONFIDENTIAL

I, _____, state under the penalties of perjury that I have read the Protective Order and Confidentiality Stipulation entered by the Court in this Action; that I acknowledge that I am bound and agree to be bound by terms of the Protective Order and Confidentiality Stipulation; and that I agree to hold in confidence any information disclosed to me pursuant to the terms of that Protective Order and Confidentiality Stipulation. I hereby consent to the personal jurisdiction of the United States District Court for the Middle District of Florida for any proceedings involving the enforcement of that Protective Order and Confidentiality Stipulation.

_____
Signature

_____
Title

_____
Company

_____
Address

_____
Address

Date: _____